### WALKER vs. WYSE et al.

Where a bill was filed, alleging that the complainant had received a certain promissory note as a gift from her father, and that it was given for the purchase money of land in possession of the maker, and praying that he be restrained from disposing of the land and be required to pay her the money due on the note, that it be a lien on the land, and that the land be sold for the payment thereof; the dismissal of this bill at the hearing for want of equity did not conclude the complainant, under a bill subsequently filed by the administrator of her father's estate, under which the question was, whether she should be charged with the note in the distribution of the estate, she claiming that the note had been given to her by her father in his lifetime. Besides, she subsequently obtained a judgment at law on the note, thereby showing that she had a right to recover at law upon it, although she had no right to a decree in equity, and although the purchase money note gave her no lien on the land.

(a.) The preponderance of evidence is in favor of the finding of the master and the decree rendered thereon.

February 26, 1887.

Judgments.   *Res Adjudicata.*   Before Judge HANSELL.
Brooks Superior Court.   November Term, 1885.

Reported in the decision.

DAN. W. ROUNTREE, for plaintiff in error.

W. C. McCALL, by brief, for defendants.

BLANDFORD, Justice.

William G. Bentley, administrator *de bonis non,* with
the will annexed, of Hezekiah Brown, filed his bill for di-
rection, and in the nature of a bill of interpleader, against
all the distributees and legatees under the will of said
Brown.   The bill alleged that Allie Williams and Wini-
fred Wyse, two daughters of the testator, had possession
of certain notes, one of I. F. Walker for $1,386, and one of
Joiner for $750; that these two daughters claimed that
their father, the testator, had given these notes to them in
his lifetime, which Walker, who had married one of the
daughters of the testator, denied; and the main contest
under this bill was between these two daughters and Wal-
ker, the son-in-law.   All the matters in said bill were by
order of the chancellor referred to W. B. Bennett, Esq., as
a master in equity.

On the trial before the master, the testimony of Allie
Williams and of H. A. Wyse, the husband of Winifred
Wyse, was submitted, in which they testified substantially
that their father had given them these notes in his life-
time.   Mr. Bennett testified that he wrote the will of the
testator, and that he said something of his wish to give
his daughters some money or notes to make them equal
to what he had given the others, and he asked the testator
if he wished any mention made in the will of that matter,
and he said no, that he would attend to it himself.   It
was further shown that the testator had a note of W. W.
Walker and I. F. Walker for something over two thousand

dollars, and that after he made his will, he made a credit upon said note in favor of his son-in-law, W. W. Walker, of $1,000. Walker introduced the record of a suit between Allie Williams and W. W. Walker and I. F. Walker, in which she set up a gift of the note against I. F. Walker by her father to herself, and alleged that the note was given for the purchase money of certain lands which were in the possession of I. F. Walker; and she prayed an injunction against I. F. Walker to restrain him from disposing of the land, and that he be required to pay her the money due upon said note, and that the same be a lien upon said land, and that the land be sold for the payment thereof. This bill for injunction was dismissed by the chancellor at the hearing for want of equity. Mrs. Williams introduced the record of a suit between herself, by W. G. Bentley for her use, and I. F. Walker, and the judgment of the court therein in her favor, which was obtained after the filing of this bill. There was no direct testimony contradicting the testimony of Mrs. Williams and of Wyse. The master in equity found in favor of Mrs. Wyse and Mrs. Williams, that these notes thus received by them should not be charged to them by the administrator in the distribution of the assets among the legatees under the will of H. Brown, deceased. W. W. Walker excepted to this report, and the exceptions thereto were referred to the chancellor, without the intervention of the jury, and he decreed in favor of Mrs. Williams and Mrs. Wyse, and this decree is excepted to and error assigned thereon.

Mrs. Williams was not concluded by the decree of the chancellor dismissing the bill which she filed against the Walkers in this case, because the questions made by her bill are different from the questions made by the bill in this case. By her bill the questions were, whether she should have a decree against I. F. Williams for the amount due on the note, and whether the same should be a lien upon the land, for the purchase money of which she alleged the notes were given; while in the present case the issue

is, whether Mrs. Williams and Mrs. Wyse shall be charged with these notes in the distribution of their father's estate; and besides, we think that the judgment which she obtained against I. F. Walker after her bill was dismissed shows that she had a right at law to recover that note, although by her bill she had no right in equity to obtain a decree against Walker, nor did her note, although given for the purchase money of the land, have any lien upon the land in Walker's hands; and we think the evidence submitted to the master in equity, and which was before the chancellor, was sufficient to have authorized him to make the decree which he did in this case. We think that the preponderance of evidence is in favor of the finding of the master and the decree which was rendered; and this decree is affirmed.